IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TINA MITCHELL<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO: 4:19-cv-04308 |
| NATIONWIDE LLOYDS<br>*Defendant.* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide PCIC"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the lawsuit captioned *Tina Mitchell v. Nationwide Lloyds*; Cause No. 2019-57505; In the 113th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Tina Mitchell (hereinafter "Plaintiff") initiated the present action by filing an Original Petition against Nationwide Lloyds in Cause No. 2019-57505; In the 113th Judicial District of Harris County, Texas on August 19, 2019 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Nationwide Lloyds appeared and answered on September 20, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Nationwide Lloyd's Original Answer, attached as **Exhibit B**.

3. On October 14, 2019, Plaintiff then filed her First Amended Petition in which she non-suited Nationwide Lloyds and for the first time named Nationwide PCIC as the sole defendant. *See* Plaintiff's First Amended Petition, attached as **Exhibit C**; *See also* Plaintiff's

Notice of Nonsuit, attached as **Exhibit D;** *See also* Order Acknowledging Nonsuit Without Prejudice, attached as **Exhibit E.**

4.     Nationwide PCIC appeared and answered on November 1, 2019, asserting a general denial and defenses to the claims and allegations made in Plaintiff's First Amended Petition. *See* Nationwide PCIC's Original Answer, attached as **Exhibit F.**

5.     Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a copy of the state court docket sheet is attached as **Exhibit G.** A full copy of the state court file has been requested and will be filed upon receipt.

6.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 113th Judicial District Court of Harris County, Texas.

7.     Pursuant to 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, Nationwide PCIC's Notice of Removal is timely because it has been filed within 30 days of Nationwide PCIC's receipt of Plaintiff's First Amended Petition, which first made the case removable.

## II.
## JURISDICTION

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

9.     Plaintiff is domiciled in Harris County, Texas.  *See* **Exhibit C**, ¶ 2.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

10.    Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

11.    Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

12.    Plaintiff's First Amended Petition states that Plaintiff seeks "over $100,000, but not more than $200,000."  *See* Plaintiff's First Amended Petition, **Exhibit C**, ¶ 4.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

13.    Plaintiff further seeks compensation for (1) actual damages, (2) penalties, (3) costs, (4) expenses, (6) pre-judgment interest, and (7) attorney's fees.  *See* **Exhibit C,** ¶ 4.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit C,** ¶ 21; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

---

[1]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

14. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit C**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

15. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16. WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
Southern District No. 3444665
jjones@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 1st day of November, 2019 to:

Noah M. Wexler                                         #9414 7266 9904 2137 9585 32
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
e-service@arnolditkin.com

                                                            */s/ Patrick M. Kemp*
                                                            Patrick M. Kemp